IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
*Baltimore Division*

IN RE:
Kevin P. Jay
    Debtor
_____        Case No. 23-13585-DER

U.S. Bank Trust National Association, not in its
individual capacity but solely as owner trustee for
RCF 2 Acquisition Trust
    Movant

vs.        Chapter 13

Kevin P. Jay
    Debtor

---

**MOTION FOR RELIEF FROM AUTOMATIC STAY AND REQUEST FOR IMPOSITION OF EQUITABLE SERVITUDE FOR A PERIOD OF 2 YEARS ON REAL PROPERTY LOCATED AT 16 ROCKCREST CIRCLE, ROCKVILLE, MARYLAND 20851**

    COMES NOW, U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for RCF 2 Acquisition Trust (hereinafter "Movant"), its assigns and/or its successors in interest, by and through counsel, moves for relief from the automatic stay of 11 U.S.C. §§ 362(a) and 1301 pursuant to Fed. R. Bankr. P. Rules 4001, 9014, and Maryland Local Bankr. Rule 4001-1 and requests an imposition of equitable servitude on real property, and respectfully represents as follows:

    1.  Jurisdiction is based on 28 U.S.C. §§ 157 and 1334 of the United States Bankruptcy Code.  The relief requested may be granted in accordance with the provisions of 11 U.S.C. §§ 105(a) and 362(d) and pursuant to Fed. Bank. Proc. Rules 9013 and 4001.

1

2. On or about May 23, 2023, Kevin P. Jay (hereinafter "Debtor") filed a voluntary petition in this Court under Chapter 13 of the United States Bankruptcy Code.

3. Brian A. Tucci is the duly appointed Chapter 13 Trustee of the Debtor's bankruptcy estate.

4. At the time of initiation of the bankruptcy proceedings, the Debtor owned a parcel of real estate located in Howard County, Maryland, and improved by a residence known as at **16 Rockcrest Circle, Rockville, Maryland 20851** (hereinafter the "Property").

5. Movant is a secured creditor of the Debtor and Movant's interest is evidenced by a Note dated September 22, 2006, and executed by Kevin P. Jay ("Borrower") in the original principal amount of $402,500.00, with an initial interest at the original note rate of 6.000%. As required by Maryland Local Bankr. Rule 4001-1(b)(4), a copy of the promissory note is attached hereto.

6. Said promissory note is secured by a certain Deed of Trust also dated September 22, 2006, also executed by Kevin P. Jay and recorded in the land records of Howard County, Maryland, related to the subject Property. As required by Maryland Local Bankr. Rule 4001-1(b)(4), a copy of the deed of trust is attached hereto.

7. Movant now seeks relief from the automatic stay against the Debtor pursuant to 11 U.S.C. § 362(d) and Maryland Local Bankr. Rule 3070-1(a) for Debtor's failure to maintain post-petition adequate protection payments to Movant as required by the aforementioned promissory note and deed of trust. Maryland Local Bankr. Rule 4001-1(b)(5).

8. Debtor is contractually due for the May 1, 2018 payment onward. As of May 30, 2023, the reinstatement figure is $143,532.29.

9. As of May 30, 2023, a detailed statement of debt, required by Maryland Local Bankr. Rule 4001-1(b)(1), is itemized as follows:

| | |
|---|---:|
| Unpaid Principal Balance | $317,918.24 |
| Accrued Interest | $76,742.87 |
| Deferred Principal Balance | $33,719.57 |
| Escrow Advance Balance | $32,098.39 |
| Corporate Advances | $8,691.60 |
| Recording Fee | $50.00 |
| Total: | $469,220.67 |

This statement of debt is not equivalent to a verified payoff statement. If you wish to receive a verified payoff statement, you must request one directly from the lender.

10. Cause also exists for the imposition of equitable servitude on the Property for a period of 2 years. This Court holds the authority, pursuant to *In re Yiman*, 214 B.R. 463 (Bankr.D.Md.1997) to invoke a remedy to prevent the continuing abuse of the bankruptcy process in the presence of a variety of factors, including (a) whether the serial filings were designed to forestall foreclosure, (b) the sheer number of bankruptcy filings, (c) whether debtor had made sincere effort to prosecute his case and (d) the objective futility of the latest bankruptcy filing, among others. *See also*, *In re Harold Dene Amey*, 314 B.R. 864, 867 (Bankr.N.D.Ga.2004) (holding that filing of serial bankruptcy cases by debtors, or by debtors and others acting in concert with them, solely for the purpose of obtaining automatic stays that repeatedly delay foreclosure and with no realistic ability or intent to propose and consummate a feasible chapter 13 plan that provides lawful treatment of a secured lender's claim, constitutes an abuse of the bankruptcy process and of the Bankruptcy Code's automatic stay provisions); *In re Fernandez*, 212 B.R. 361, 369 (Bankr.C.D.Cal.1997), *aff'd on other grounds,* 227 B.R. 174 (9th Cir. BAP 1998), *aff'd* 208 F.3d 220 (9th Cir.2000) (finding that courts may consider several factors when deciding whether debtor's bankruptcy filings lacked good faith, including the

number of bankruptcy filings, whether the filings were docketed on the eve of foreclosure sales, whether debtor attempted to prosecute his or her case by appearing at scheduled hearings and meetings, and whether debtor made plan payments to the trustee).

11. In addition, 11 U.S.C. § 362(d)(4) states in relevant part:

"(4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either—

(A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or

(B) multiple bankruptcy filings affecting such real property."

Movant also relies on this bankruptcy code section for the relief requested. Debtor and Co-Debtor have filed multiple bankruptcy petitions with the aim of delaying and hindering Movant without any serious, good faith effort at performing under a viable plan.

12. In the present matter, including this case, the Debtor has filed a total of **four (4)** bankruptcy cases. A summary of each bankruptcy case follows:

A. Case Number 09-19630, Chapter 7 filed on May 28, 2009 and a standard discharge was entered on September 9, 2009.

B. Case Number 21-16581, Chapter 13 filed on October 19, 2021 and dismissed on September 15, 2022 for failure to prosecute. This filing canceled a foreclosure sale that had been scheduled for October 20, 2021.

C. Case Number 22-15813, Chapter 13 filed on October 21, 2022 and dismissed on May 8, 2023 for failure to prosecute. This filing canceled a foreclosure sale that had been scheduled for October 26, 2022.

D. Case Number 23-13585, Chapter 13 filed on May 23, 2023. This case remains open and active.

13. The debtor has engaged in a scheme of serial bankruptcy petition filings while simultaneously failing to maintain pre-petition and post-petition payments to the Movant which

4

constitutes sufficient cause for terminating the automatic stay so that Movant can proceed with foreclosure proceedings in state court.  Further, an imposition of an equitable servitude is warranted to forestall the Debtor's further attempts to abuse the bankruptcy system by using it to seek protection from the bankruptcy automatic stay and frustrate Movant's justified attempts to recommence and conclude foreclosure proceedings.

14. Debtor's latest bankruptcy filing demonstrates bad faith.  Not only is the plan objectively futile, the contractual mortgage payments arrears are approximately **5 years** delinquent.  It appears clear that the previously filed bankruptcy cases demonstrate a pattern of behavior designed to abuse the bankruptcy system and to delay and hinder Movant's ability to avail itself of its rights under the aforementioned loan instruments and state law.

15. Upon information and belief, Debtor has not remitted post-petition payments to Movant in the present bankruptcy case.

16. Movant lacks adequate protection of its interest in the Property and Movant continues to be irreparably injured by the stay of 11 U.S.C. § 362(a).

17. Cause exists for terminating the automatic stay imposed by 11 U.S.C. § 362(a) to enable Movant to avail itself of its rights and remedies under its promissory note, security instrument, and state law, including but not limited to the commencement of foreclosure proceedings against the Property.  Maryland Local Bankr. Rule 4001-1(b)(7).

18. Cause also exists for imposing an equitable servitude on the subject Property for a period of **2 years**, which servitude would prevent the automatic stay from attaching to the Property by reason of any new bankruptcy being filed by any person holding an interest in the Property, including but not limited to Debtor.

WHEREFORE, the Movant, its assigns and/or successors-in-interest prays that this Court:

1. Enter an order terminating the automatic stay imposed by 11 U.S.C. § 362(a) of the United States Bankruptcy Code to enable Movant to avail itself of its rights and remedies under the promissory note, deed of trust, and state law, including but not limited to the initiation of foreclosure proceedings against the property located at 6212 8th Street, Chesapeake Beach, Maryland 20732 and to allow successful purchaser to obtain possession of same; and,

2. Enter an order imposing an equitable servitude on the subject property for a period of 2 years which servitude would prevent the automatic stay from arising with respect to the subject Property; and,

3. Grant such other and further relief as may be just and necessary.

Respectfully submitted,

  */s/ Gene Jung*
Gene Jung, Esq., MD Fed. Bar No. 14950
Robertson, Anschutz, Schneid & Crane & Partners PLLC
13010 Morris Road, Suite 450
Alpharetta, Georgia  30004
(470) 321-7112
gjung@raslg.com
*Counsel for Movant*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on   June 27, 2023  , the following persons were served a copy of the foregoing motion in the manner described below:

*Via* CM/ECF Electronic Notice:

Brian A. Tucci
P.O. Box 1110
Millersville, MD 21108
*Chapter 13 Trustee*

6

*Via* First Class Mail, Postage Prepaid:

Kevin P. Jay
2942 Florence Road
Woodbine, MD 21797
*Debtor*

                                              */s/ Gene Jung*
                                              Gene Jung