USBC-MD 9 FILED
11 JUL '23 PM1:42

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
*Baltimore Division*

| | |
|---|---|
| **US BANK TRUST NATIONAL ASSOCIATION** not in its individual capacity but solely as owner trustee for RCF 2 Acquisition Trust<br><br>Movant,<br><br>v.<br><br>**KEVIN P. JAY**<br><br>Debtor | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No.  23-13585<br>)<br>)<br>)<br>)<br>)<br>) |

**DEBTOR'S RESPONSES AND OBJECTIONS TO MOTION FOR RELIEF FROM AUTOMATIC STAY AND REQUEST FOR IMPOSITION OF EQUITABLE SERVITUDE FOR TWO YEARS AND HEARING THEREON**

Debtor KEVIN P. JAY ("**Debtor**" or "**Jay**"), hereby submits the following answers and objections to the Motion for Relief from Automatic Stay and Request for Imposition of Equitable Servitude for Two Years on Real Property Located at 16 Rockcrest Circle, Rockville, MD 20851 propounded by Movant US BANK TRUST NATIONAL ASSOCIATION ("**Movant**" or "US Bank").

**PRELIMINARY OBJECTIONS**

1. Debtor will respond to the Motion propounded upon him as he interprets and understands it. If Movant subsequently asserts an interpretation of any Motion that differs from Debtor's understanding, Debtor reserves the right to modify and/or supplement these objections and responses, as he deems necessary and appropriate.

2. The following responses are made without waiver, and with express preservation, of Debtor's right to object on any ground and at any time to a demand or request for further responses (including further responses to these or any other Motions) or other proceedings involving or relating to the subject matter of the responses provided here.

3. Debtor's responses are based solely upon information and/or documentation reasonably available to him as of the date of these responses. The responses are given without prejudice to Debtor's right to produce evidence of any fact or facts that Debtor may later recall or

find through research, investigation, or analysis. Debtor assumes no obligation to voluntarily supplement or amend these responses based on information, evidence, documents or things discovered or developed following service of these responses.

## RESPONSES

Debtor acknowledges Representations One, Two, and Three.

Debtor asserts that Representation Four is factually inaccurate. The parcel of real estate known as 16 Rockcrest Circle, Rockville, MD is not located in Howard County, MD, but in Montgomery County, MD. The lack of attention to detail indicates that Movant is not serious in their request for relief.

Debtor acknowledges Representation Five.

Debtor asserts that Representation Six is factually inaccurate. The parcel of real estate known as 16 Rockcrest Circle, Rockville, MD is not recorded in the land records of Howard County, MD, but in Montgomery County, MD. The lack of attention to detail indicates that Movant is not serious in their request for relief.

Debtor asserts that he has engaged a Realtor and is in the process of repainting the home to sell it under the bankruptcy proceeding in order to satisfy the promissory note and deed of trust as mentioned in Representation Seven.

Debtor acknowledges Representation Eight, but asserts that the amount due is beyond his ability to pay at this time.

Debtor acknowledges Representation Nine, but asserts that the proceeds from the sale of the property would more than cover the amount of the detailed statement of debt.

Debtor objects to the imposition of equitable servitude on the Property for a period of two years as presented in Representation Ten. This remedy is designed to prevent abuse of the bankruptcy process. Debtor asserts the remedy is uncalled for due to the anticipated sale of the property through the bankruptcy proceeding.

Debtor asserts that Representation Eleven is factually inaccurate. There is no Co-debtor as stated in the Representation. The lack of attention to detail indicates that Movant is not serious in their request for relief. Movant also makes an assertion that the bankruptcy filings were made solely to hinder and delay the Movant without any serious good faith effort to enact a viable plan. This is factually inaccurate. The Movant has no knowledge of Debtor's intentions. To make this assertion is libel and slander.

Debtor acknowledges Representation 12, but asserts that the four bankruptcy filings over the course of fourteen years is not unreasonable. Each instance was both sincere and necessary at the time of filing.

Debtor asserts that Representation 13 is an inaccurate portrayal of the Debtor's intention. Debtor asserts that he has engaged a Realtor and is in the process of repainting the home to sell it under the bankruptcy proceeding in order to satisfy the promissory note and deed of trust. Imposition of equitable servitude will be unnecessary as the sale of the Property will satisfy the promissory note and deed of trust.

Debtor asserts that Representation 14 is both factually incorrect and libel and slanderous. Movant's assertion that the latest filing is in bad faith clearly demonstrates a substantial lack of understanding of Debtor's intentions. Debtor has no intention of preventing Movant from obtaining what they are owed. Debtor asserts that he has engaged a Realtor and is in the process of repainting the home to sell it under the bankruptcy proceeding in order to satisfy the promissory note and deed of trust.

Debtor acknowledges Representation 15, but asserts that the impending sale of the Property will satisfy the outstanding payments.

Debtor asserts that Representation 16 is factually incorrect. As long as Movant holds the Promissory Note and Deed of Trust, Movant's interest is well preserved.

Debtor asserts that Representation 17 is factually incorrect. No cause exists as the Debtor has engaged a Realtor and is in the process of repainting the home to sell it under the bankruptcy proceeding in order to satisfy the promissory note and deed of trust.

Debtor asserts that Representation 18 is factually incorrect. Equitable servitude is unnecessary since Debtor has engaged a Realtor and is in the process of repainting the home to sell it under the bankruptcy proceeding in order to satisfy the promissory note and deed of trust.

WHEREFORE, the Debtor prays that this Court:

1. Denies Movant's motion to terminate the Automatic Stay imposed by 11 U.S.C 362(a) under the US Bankruptcy Code. The address listed by the Movant (6212 8th Street, Chesapeake Beach, MD 20732) is not the correct address of the Property. This lack of attention to detail indicates that Movant is not serious in their request for relief.

2. Denies Movant's request to impose equitable servitude upon the subject Property. Such imposition will result in undue hardship for the Debtor, and is unnecessary given the circumstances.

3. Grant such other and further relief as the Court may deem just and necessary.

Respectfully submitted,

*Kevin P. Jay*
Kevin P. Jay
2942 Florence Road
Woodbine, MD 21797



## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 11, 2023, the following persons were served a copy of the foregoing Responses in the manner described below:

**Via CM/ECF Electronic Notice:**

Brian A. Tucci
P.O. Box 1110
Millersville, MD 21108
*Chapter 13 Trustee*

**Via First Class Mail, Postage Paid:**

Gene Jung, Esq.
Robertson, Anschutz, Schneid, & Crane
& Partners PLLC
13010 Morris Road, Suite 450
Alpharetta, GA 30004
*Counsel for Movant*

/s/ Kevin P. Jay
Kevin P. Jay